UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PHYLLIS POLLARD | ) |
| Plaintiff, | ) |
| v. | ) |
| METRO DENTAL, LLC | ) Civil Action No. |
| Defendant | ) Jury Trial Demand |

## COMPLAINT

COMES NOW Plaintiff, Phyllis Pollard (hereinafter "Plaintiff") by and through her undersigned counsel, and files this Complaint against Defendant Metro Dental, LLC ("Defendant") alleging sexual harassment and retaliation and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) alleging sexual harassment in employment and retaliation for complaints of said sexual harassment.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

4. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

5. A statutory Dismissal and Notice of Rights, was issued by the Equal Employment Opportunity Commission (EEOC) to Plaintiff on or about May 29, 2014. Plaintiff timely filed a charge of discrimination with the EEOC (Charge No. 410-2013-00197C) alleging sex discrimination/sexual harassment and retaliation. This action is filed within the ninety (90) days of Plaintiff's receipt of the right-to-sue letter. Plaintiff has exhausted her administrative remedies as required by Title VII.

6. Declaratory, injunctive and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, et seq. and 42 U.S.C. §2000e-05(g). Compensatory and punitive damages are sought pursuant to Title VII.

## PARTIES

7. Plaintiff is and was at the times in this Complaint a citizen and resident of Clayton County, Georgia and is female.

8. Defendant is a corporation in the State of Georgia and is an "employer" subject to Title VII and employs more than 15 regular employees. Defendant is subject to the jurisdiction and venue of the Court and may be served by serving a copy of the Complaint upon David M. Waldroup, 2200 Keys Ferry Court, McDonough, Georgia 30253.

## FACTS

9. Plaintiff was hired by Defendant on approximately March 1, 2011 as a front desk receptionist and was terminated by Defendant on October 5, 2012.

10. Plaintiff was terminated for lack of work.

11. While Plaintiff was employed by Defendant, she was subject to unwelcome and inappropriate comments and behavior by dentist Dr. Douglas Henson.

12. On several occasions, Dr. Henson called Plaintiff into his office and rubbed Plaintiff's thighs, breasts, and attempted to put his hand down her pants.

13. During the course of Plaintiff's employment, Plaintiff complained about Dr. Henson's behavior to office manager, William Flagg.

14. However, Dr. Henson continued his behavior towards Plaintiff.

## COUNT I (sexual harassment)

15. Plaintiff repeats and incorporates by reference the Paragraphs above as though fully set forth herein.

16. Plaintiff was subjected to a hostile, offensive and abusive working environment as a result of her gender, female.

17. Based upon Plaintiff's repeated complaints Defendant knew of the hostile working environment.

18. Plaintiff found the harassment to be humiliating, offensive, unfair and in violation of her rights under Title VII.

19. Defendant is directly liable for the sexual harassment of Dr. Henson by nature of his position and authority over Plaintiff.

20. Plaintiff has suffered severe frustration, anxiety, humiliation and emotional distress as a result of the sexual harassment.

21. Defendant's conduct was done with reckless indifference to Plaintiff's federally protected rights and Defendant failed to make good faith efforts to comply with Title VII.

## COUNT II (retaliation)

22. Plaintiff repeats and incorporates by reference the Paragraphs above as though fully set forth herein.

23. By complaining about sexual harassment, Plaintiff engaged in activity protected by Title VII.

24. As a result of her complaints, Plaintiff was terminated.

25. Defendant has treated Plaintiff in an adverse manner.

26. As a result of Defendant's conduct, Plaintiff has suffered compensatory damages including but not limited to frustration, anxiety, anger and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays judgment in her favor in the form of an Order of this Court:

A. Awarding Plaintiff, compensatory damages;

B. Awarding Plaintiff punitive damages in an amount to be determined at trial;

C. Awarding Plaintiff reasonable costs, including expenses and attorneys' fees;

D. Awarding Plaintiff pre-judgment interest;

E.  Awarding Plaintiff injunctive relief; and

F.  Awarding Plaintiff any further relief as the Court deems just and proper.

Respectfully submitted this 28th day of August, 2014.

MARTIN & MARTIN, LLP

By: /s/ Kimberly N. Martin
Kimberly N. Martin
Georgia Bar No. 473410
kimberlymartinlaw@gmail.com
Thomas F. Martin
Georgia Bar No. 482595
tfmartinlaw@msn.com

Martin & Martin, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(404) 313-5538 / (770) 837–2678 Fax

Attorneys for Plaintiff