**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| PHYLLIS POLLARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | 1:14-CV-02796-LMM |
| | ) | |
| METRO DENTAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RULE 50(b) MOTION FOR JUDGMENT AS A MATTER
OF LAW AND, IN THE ALTERNATIVE, RULE 59 MOTION TO ALTER
OR AMEND THE JUDGMENT OR FOR A NEW TRIAL AND
MEMORANDUM IN SUPPORT THEREOF**

**COMES NOW**, Metro Dental, LLC, (hereinafter "Defendant" or "Metro Dental") and moves this Court to grant it judgment as a matter of law or, in the alterative, to amend the judgment or grant a new trial, and in support thereof, states as follows:

**INTRODUCTION**

This matter was tried before a jury from April 25 to April 28, 2016. One of the issues to be determined at trial was whether the Plaintiff could meet its burden of establishing that the Defendant met the statutory definition of an "employer" pursuant to 42 U.S.C. § 2000e by showing that it had the requisite number of employees for the appropriate length of time. [Document 32, p., ¶ 4]. The Plaintiff

- 1 -

ultimately stipulated that the only way that she could reach the required "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year" was by utilizing an integrated enterprise or single employer theory combining the Defendant with another limited liability company, the Denture Place at McDonough, LLC (the "Denture Place"). [T., p. 319:17-25 to 320:1-10; transcript attached hereto and incorporated herein as Exhibit "1"]. At the close of the Plaintiff's case in chief, the Defendant made a Rule 50(a) Motion for Judgment as a Matter of Law on the evidence regarding the integrated employer theory and whether the Plaintiff had satisfied her evidentiary burden regarding proving that the Defendant was an "employer" under 42 U.S.C. § 2000e. [Ex. 1, T., p. 295:13-25 to 298:1-19]. The Defendant again renewed the motion at the close of all evidence. [Ex. 1, T., p. 385:17-25 to 386:1-6]. The Court ultimately denied the Defendant's Rule 50(a) Motion and allowed the issue to go to the jury. [Ex. 1, T., 319:14-15.] On April 28, 2016, the Jury returned a verdict awarding the Plaintiff $64,000.00 in pecuniary compensatory damages (loss of wages and benefits), $50,000.00 in non-pecuniary compensatory damages (emotional pain and mental anguish), and $60,000.00 in punitive damages. [Document 48].

For the reasons articulated herein, the Defendant respectfully renews its Motion for Judgment as a Matter of Law under Fed. R. Civ. P. 50(b) and requests

that judgment be entered in the Defendant's favor. In the alternative, the Defendant requests that the Court modify the judgment to reduce the total amount of non-pecuniary compensatory and punitive damages from $110,000.00 to $50,000.00 pursuant to both federal law and stipulation by the Plaintiff.

## ARGUMENT AND CITATION OF LAW

Defendant hereby renews the entirety[1] of its Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b) and requests that this Court enter judgment in favor of the Defendant. In the alternative, the Defendant seeks the amendment of the judgment, remittitur, or a new trial pursuant to Fed. R. Civ. P. 59.

"Federal Rule of Civil Procedure 50 provides for judgment as a matter of law at the close of the plaintiff's case if the plaintiff has failed to present evidence that would permit a reasonable jury to find for the plaintiff." *Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 656 (11th Cir. 1998). "The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548,

---

[1] Though the Defendant will focus this brief on two primary arguments, the entirety of the Motion for Judgment as a Matter of Law raised at trial is being renewed to avoid any issues of waiver of those arguments on appeal. *See Unitherm Food Sys. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 409, 126 S. Ct. 980, 990 (2006).

2552 (1986). A new trial may be ordered upon the grounds that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S. Ct. 189, 194 (1940). A Rule 59(e) motion is proper to correct "manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Where alternative prayers or motions  are presented, the trial judge should first rule on the motion for judgment as a matter of law, and "[w]hatever his ruling thereon he should also rule on the motion for a new trial, indicating the grounds of his decision." *Montgomery Ward*, 311 U.S. at 253, 61 S. Ct. at 195.

I.    THE PLAINTIFF FAILED TO PRESENT EVIDENCE AS TO AN ESSENTIAL ELEMENT OF HER TITLE VII CLAIM.

The Defendant maintains that Metro Dental cannot be combined with the Denture Place for the purposes of reaching the required number of employees to render it an "employer" under 42 U.S.C. § 2000e. However, even assuming, *arguendo*, that the Plaintiff was entitled to combine the two entities, she still failed to introduce enough evidence for a reasonable jury to conclude that the combined entity satisfied the statutory definition of "employer" under 42 U.S.C. § 2000e and, thus, failed to prove an essential element of her Title VII Claim. *See Arbaugh v. Y*

*& H Corp.*, 546 U.S. 500, 516, 126 S. Ct. 1235, 1245 (2006) ("[T]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief...").

In order to satisfy 42 U.S.C. § 2000e, the Plaintiff is required to show more than just the existence of fifteen employees at some point in the years in question, but rather, that the entity "has fifteen or more employees **for each working day in each of twenty or more calendar weeks in the current or preceding calendar year**." 42 U.S.C. § 2000e (emphasis added). The statute requires not only a showing of a particular number of employees, but also has a temporal requirement – that those employees are employed in each of twenty or more calendar weeks in either the year of the alleged wrongdoing or in the prior year. In other words, the jury must be presented some evidence as to both the number of employees and the particular weeks those employees worked before it can reasonably conclude that the statute has been satisfied.

In the case at bar, the Plaintiff admitted that she could not satisfy the 15 employee requirement by looking at the Metro Dental entity alone. [Ex. 1, T., p. 319:17-25 to 320:1-10]. In fact, the Plaintiff admitted *in judicio* that her evidence established that the Metro Dental entity employed only 12 employees during the relevant time frame. [Ex. 1, T., p. 393:25 to 394:1-8].

Accordingly, the Plaintiff was required to present evidence that address both the numerical element and the temporal element of 42 U.S.C. § 2000e for **both** the Metro Dental entity **and** the Denture Place entity. While the Plaintiff may be able to contend that she presented evidence that purports to address both elements of the statute for the 12 employees of the Metro Dental entity, the Plaintiff **did not** introduce evidence that showed the number of employees and the number of calendar weeks worked by any employee of the Denture Place entity. In Plaintiff's Exhibit 7, the Plaintiff tendered a payroll journal showing only the Metro Dental entity's employees during 2011 and 2012. [Document 51-3]. No similar payroll document was introduced regarding the Denture Place entity.

This payroll document for Metro Dental alone was not sufficient to meet her burden under 42 U.S.C. § 2000e because the Plaintiff stipulated that she could not reach the required 15 employees through the Metro Dental entity alone.

> THE COURT: … IN TERMS OF THE E-MAIL THAT MS. MARTIN SENT LAST NIGHT REGARDING WHETHER OR NOT THEY WERE PROCEEDING WITH A THEORY THAT METRO DENTAL ALSO HAD MORE THAN 15 EMPLOYEES, BASED UPON THAT E-MAIL IT SEEMS CLEAR THAT THE PLAINTIFFS ARE NOT PROCEEDING ON THAT THEORY. INSTEAD, THEY ARE PROCEEDING ON A THEORY THAT IF YOU ADD THE DENTURE PLACE WITH THE METRO DENTAL TOGETHER, THEN YOU END UP WITH MORE THAN 15.

[Ex. 1, T., p. 319:17-25 to 320:1-10]. The jury instructions were changed to reflect this stipulation.

> THE COURT: … IT SAYS, PLAINTIFF CONCEDES THAT METRO DENTAL STANDING ALONE DID NOT HAVE 15 EMPLOYEES. INSTEAD, PLAINTIFF CONTENDS THAT THE 15 EMPLOYMENT -- EMPLOYEE REQUIREMENT IS MET BY COMBINING THE EMPLOYEES OF METRO DENTAL AND THE DENTURE PLACE MCDONOUGH, LLC.

[Ex. 1, T., p. 371:1-5]. The Plaintiff also made the admission to the jury in her closing arguments that the most she could establish from the Metro Dental entity was 12 employees.

> MS. MARTIN: … NOW, UNDER TITLE VII WE JUST HAVE TO LOOK AT A 20-WEEK PERIOD, SO I PULLED OUT A 20-WEEK PERIOD FOR YOU. IF WE LOOK AT AUGUST 13TH, 2012, THROUGH DECEMBER 31ST, 2012, WELL, MR. GILBERT, A DENTAL ASSISTANT. WELL, HE WAS WORKING THAT 20-WEEK PERIOD. AND I APOLOGIZE. I STILL DON'T KNOW HOW TO PRONOUNCE THIS LAST NAME, BUT IT WAS A LAB TECHNICIAN, AND LAST NAME IS H-U-Y-N-H. WELL, HE WAS WORKING THAT 20-WEEK PERIOD. AND MISS WILSON, A LAB TECHNICIAN, WELL, SHE WAS WORKING THAT 20-WEEK PERIOD. SO WE'RE AT 12 RIGHT THERE.

[Ex. 1, T., p. 393:25 to 394:1-8].

As such, in order to meet her burden of establishing an essential element of her claim under 42 U.S.C. § 2000e, the Plaintiff was still required to present evidence as to both 1) the number of employees and 2) the time period they worked at the Denture Place entity. However, in this regard, the record shows that the Plaintiff failed to introduce evidence for a reasonable jury to formulate an opinion as to both the number of employees that worked at the Denture Place and the time that those employees were employed.

The Plaintiff introduced no payroll records as to the Denture Place entity and instead relied on the testimony of only one witness, Mrs. Jennifer Flaggs, who stated that for the relevant time period of 2011 to 2012, she could not testify as to how many people worked at Denture Place nor the dates of their employment. [Ex. 1, T., p. 233:12-25 to 235:1-9]. No other documentary evidence was tendered regarding this issue, nor was any other testimony given that would shed additional light on the number of employees or the length of employment for those employees at the Denture Place in 2011 and 2012. [*See* Ex. 1, T., *ibid*]. This lack of payroll evidence as to the Denture Place entity is fatal to the Plaintiff's Title VII claim.

The introduction of payroll records to prove a Title VII claim (the payroll method) stems from the Supreme Court's holding in *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 205-207, 117 S. Ct. 660, 663-64 (1997).

> The United States Supreme Court has held that under 42 U.S.C. § 2000e(b) the payroll method should be used to determine whether an employment relationship exists between an individual and the alleged employer. This is because "the employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." Under this method, to establish that the defendant is a Title VII employer, the plaintiff must introduce evidence of defendant's payroll records to prove that fifteen or more employees appeared on the employer's payroll for twenty or more calendar weeks in either the year of the alleged violation or the preceding year.

*Mizwicki v. Gerald Helwig*, 196 F.3d 828, 831 (7th Cir. 1999) (internal citations omitted).[2] The Supreme Court in *Walters* expressly held that the temporal element of 42 U.S.C. § 2000e (20 or more weeks with 15 or more employees) is essential to establishing liability as an "employer" under Title VII: one "needs to know about a given employee for a given year[,] whether the employee started or ended employment during that year and, if so, when." *Walters v. Metro. Educ. Enters.*, 519 U.S. 202, 211, 117 S. Ct. 660, 665-66 (1997).

---

[2] The Supreme Court also held that, in addition to looking at the payroll documents, the Plaintiff must take the additional step of culling out those individuals who appear on the payroll records but are not employees under traditional principals of agency law because "an individual who appears on the payroll but is not an 'employee' under traditional principles of agency law … would not count toward the 15-employee minimum." *Walters v. Metro. Educ. Enters.*, 519 U.S. 202, 211, 117 S. Ct. 660, 666 (1997) (internal citations omitted).

In applying the Supreme Court's holding in *Walters*, the 7th Circuit in *Mizwicki* held that testimony from one witness, without also submitting payroll records into evidence, was insufficient to meet the Plaintiff's burden to create a jury issue:

> Thus, at trial, using the payroll method, she could have introduced Helwig's payroll records for the years 1993 through 1995 and Archer's payroll records for the year 1996. She did not. Instead, she relied solely on the testimony of Dr. Helwig who guessed that collectively, all of the corporations doing business as Midwest Chiropractic Care Center may have had between 20 and 50 employees in 1996. She contends that the testimony of this one person without any further documentary proof was sufficient to raise factual issues for the jury to decide. We disagree.

*Id.* (*Mizwicki*, like this case, also dealt with combining two entities for the purposes of meeting the numerical requirement of Title VII). The Plaintiff has done no more in this case than was done in *Mizwicki* in relying solely on the testimony of Mrs. Flaggs and introducing no payroll records for The Denture Place.

In another case, an affidavit was submitted based on the affiant's review of the payroll records (but those records were not entered into evidence) and the affiant testified that the employees worked "throughout [her] employment." *Ost v. W. Suburban Travelers Limousine*, 88 F.3d 435, 440 (7th Cir. 1996) (*cited by Redding v. Tuggle*, No. 1:05-CV-2899-WSD-LTW, 2007 U.S. Dist. LEXIS 67853, at *60

(N.D. Ga. July 11, 2007)). Yet, the Court held that "this level of generality does not suffice" to satisfy 42 U.S.C. § 2000e. *Id.* Here again, the testimony of Mrs. Flaggs was in the nature of this general testimony that the Denture Place had employees during 2011 and 2012, but could not testify as to the number of employees in 2011 and 2012 or when they were hired or fired, as required by the Supreme Court in *Walters*.

In the same vein, the 1st Circuit has held that a list of "names, general job titles, and very rough estimates of when those individuals worked" was not sufficient to enable a triable jury issue on the matter. *Escribano-Reyes v. Prof'l Hepa Certificate Corp.*, 817 F.3d 380 (1st Cir. 2016). In the case at bar, the Plaintiff did not even present as much evidence plaintiff in *Escribano-Reyes* in providing names or rough estimates of when individuals worked for the Denture Place entity in 2011 and 2012.

The 11th Circuit, too, has held that conclusory assertions regarding the number of employees, unsupported by the payroll records, are not sufficient to establish the numerical element of a Title VII Claim. *Vazquez v. Melamed*, 598 F. App'x 760, 761 (11th Cir. 2015).

From the case law, it is clear that, in order to satisfy both elements of 42 U.S.C. § 2000e, a jury must be able to articulate with particularity the number of employees

employed by the employer and what weeks those employees were employed. Without the payroll records for the Denture Place entity, or testimony regarding the dates of employment for employees at the Denture Place entity, the jury has no evidence upon which it can reasonably determine the number of employees employed during a given week.

To borrow an illustration from the Plaintiff's closing argument, if the testimony and evidence regarding the employees at the Metro Dental entity show that twelve (12) employees were employed at Metro Dental from August 13, 2012, through December 31, 2012, there must also be evidence that three (3) employees were employed by the Denture Place entity from August 13, 2012, through December 31, 2012. It is not enough to simply contend that three employees worked for the Denture Place at some point in 2011 or 2012 – there must be proof that they worked during same relevant 20-week time period that the Metro Dental entity employed its 12 employees. There simply is no documentary or testimonial evidence that would allow a jury to conclude that three particular Denture Place employees worked from August 13, 2012, through December 31, 2012, or any other twenty week period in 2012.

The Plaintiff herself admitted that she could not meet the elements of 42 U.S.C. § 2000e utilizing only Metro Dental's employees, and the Plaintiff's failure

to provide the required evidence as to both 1) the number of employees of the Denture Place and 2) their having worked in the same 20 week period as the 12 employees of Metro Dental is fatal as a matter of law to Plaintiff's case.

Stated plainly, the Plaintiff has failed to provide sufficient evidence to enable a reasonable jury to conclude that the combination of Metro Dental and the Denture Place had "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e. Accordingly, she did not prove an essential element of her Title VII case and the Defendant is entitled to judgment as a matter of law that it is not an employer under 42 U.S.C. § 2000e – regardless of whether the jury could have concluded that Metro Dental was an integrated enterprise or single employer with the Denture Place. As such, the Defendant respectfully requests that this Court enter judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) and enter judgment in favor of the Defendant.

II.   IF JUDGMENT AS A MATTER OF LAW IS NOT GRANTED TO THE DEFENDANT, THE $110,000.00 AWARDED FOR NON-PECUNIARY COMPENSATORY DAMAGES (EMOTIONAL PAIN AND MENTAL ANGUISH) AND PUNITIVE DAMAGES MUST BE REDUCED TO $50,000.00 PURSUANT TO 42 U.S.C.S. § 1981a.

In the alternative, should the Court not grant the Defendant's Rule 50(b) motion, the Defendant requests that the Court reduce the combined non-pecuniary compensatory (emotional pain and mental anguish) damages and punitive damages

award from $110,000.00 to $50,000.00 as a matter of law pursuant to Rule 50 or Rule 59(e), or in the alternative, enter remittitur or order a new trial pursuant to Rule 59.

The Jury's Verdict awarded $50,000.00 for non-pecuniary compensatory damages (emotional pain and mental anguish) and $60,000.00 for punitive damages. However, federal law limits the **combined** amount of non-pecuniary compensatory damages (emotional pain and mental anguish) and punitive damages to $50,000.00 total in Title VII claims and the Plaintiff herself acknowledges as much in the pre-trial order.

> (b)   Compensatory   and   punitive   damages….
> (3)  Limitations. The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party-
> - (A)  in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $ 50,000[.]

42 U.S.C.S. § 1981a.

In the pre-trial order, the Plaintiff contended that she would be seeking a maximum of $50,000.00 for compensatory and punitive damages.

> Plaintiff is entitled to compensatory damages for the nonpecuniary consequences of Defendant's unlawful

> treatment, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Compensatory and punitive damages under Title VII are capped at $50,000 per aggrieved employee for employers that have between 15 – 100 employees. The amount of punitive damages will be determined by the jury. Plaintiff will seek the maximum permissible under the law.

[Document 32, Exhibit C, Section IV (B) and (C)]. The cap is enforced on a "per-action" basis, not a "per-claim" basis. *Rau v. Apple-Rio Mgmt. Co.*, 85 F. Supp. 2d 1344, 1347 (N.D. Ga. 1999). This cap is regularly enforced in the 11th Circuit. *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1463 (11th Cir. 1998) ("Accordingly, the court did not abuse its discretion in reducing the damages award consistent with the limitations placed on Title VII damages that is embodied in 42 U.S.C. § 1981a."); *McPherson v. Kids N Play, LLC*, No. 1:15-CV-340-WSD-JCF, 2015 U.S. Dist. LEXIS 163523, at *8 (N.D. Ga. Nov. 10, 2015) ("Plaintiff has requested compensatory and punitive damages in the maximum amount allowable, $50,000. *See* 42 U.S.C. § 1981a(b)(3)(A) (capping compensatory and punitive damages at $50,000 for cases brought against employers with between 14 and 101 employees).").

While this is exactly the type of "manifest error of fact or law" that can be corrected pursuant to Rule 50 or Rule 59(e), the grant of a new trial or remittitur can also be the proper mechanism for reducing an excessive Title VII award.

> Here, the jury awarded Plaintiff $ 50,000 in compensatory damages and $ 1,000,000 in punitive damages for her sexual harassment claim, as well as $ 500,000 in compensatory damages and $ 2,000,000 in punitive damages on her retaliation claim under Title VII. **Therefore, the court must write the jury's total award of $ 3,550,000 on the Title VII claims down to $ 50,000.** In this respect, the court grants Defendants' motion for a new trial or in the alternative remittitur.

*Forsberg v. Pefanis*, No. 1:07-cv-03116-JOF, 2009 U.S. Dist. LEXIS 114144, at *23 (N.D. Ga. Dec. 8, 2009) (emphasis added).

Here, the jury's award of $110,000.00 for non-pecuniary compensatory and punitive damages exceeds both the statutory cap and the Plaintiff's maximum request articulated in the pre-trial order. Accordingly, to the extent that the Court declines to grant the Defendant's renewed Motion for Judgment as a Matter of Law, the Defendant would respectfully request that this Court reduce the $110,000.00 awarded as non-pecuniary compensatory and punitive damages to $50,000.00 as a matter of law, amendment of judgment, by remittitur, or granting a new trial.

III.   THE DEFENDANT REITERATES AND STANDS ON ALL OTHER ARGUMENTS MADE IN ITS RULE 50(A) MOTION DURING TRIAL.

As articulated above, the Defendant contends that even if the Court accepts that the Plaintiff purportedly met her burden as to the elements of sexual harassment and certain elements of the "integrated enterprise" or "single employer" test, her Title VII claim still fails for lack of evidence sufficient to allow a jury to conclude

that the purportedly combined employer had "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e.

However, should the Court rule otherwise, the Defendant restates the entirety of its Rule 50(a) motion and the arguments raised during trial. [Ex. 1, T., p. 295:13-25 to 299:8; 385:17-25 to 386:1-6]. In the interests of judicial economy and so as to not waive any appeal rights, the Defendant restates and incorporates herein all arguments raised in its Rule 50(a) Motion made after the close of the Plaintiff's case in chief and renewed at the conclusion of the evidence. The Defendant respectfully requests that the Court grant its Motion for Judgment as a Matter of Law, or, in the alternative, request for an amendment of judgment, remittitur, or a new trial on these grounds.

**WHEREFORE**, Defendant respectfully requests:

(a) That the Court grant the Defendant Judgment as a Matter of Law on the Plaintiff's Title VII claim and enter judgment in favor of the Defendant;

(b) That, in the alternative, the Court reduce the non-pecuniary compensatory and punitive damages from $110,000.00 to $50,000.00 as a matter of law, or, alternatively, amend the judgment, order a remittitur, or a new trial; and

(c) That the Court grant such other and further relief as may be equitable and just under the circumstances.

This 25th day of May, 2016.

SMITH, WELCH, WEBB & WHITE

By:    /s/ Grant E. McBride
       Grant E. McBride
       Ga. Bar No. 109812
       grant.mcbride@gmail.com
       A. J. "Buddy" Welch, Jr.
       Georgia Bar No. 746800
       bwelch@smithwelchlaw.com
       Attorneys for Defendant

2200 Keys Ferry Court
P.O. Box 10
McDonough, Georgia 30253
Office: (770) 957-3937
Fax: (678) 583-4888

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| PHYLLIS POLLARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 1:14-CV-02796-LMM |
| v. | ) | |
| | ) | |
| METRO DENTAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

This document has been prepared using Times New Roman 14 point font in

compliance with Local Rule 5.1C.

SMITH, WELCH, WEBB & WHITE

By:   /s/ Grant E. McBride
Grant E. McBride
Ga. Bar No. 109812
grant.mcbride@gmail.com
A. J. "Buddy" Welch, Jr.
Georgia Bar No. 746800
bwelch@smithwelchlaw.com
Attorneys for Defendant

2200 Keys Ferry Court
P.O. Box 10
McDonough, Georgia 30253
Office: (770) 957-3937
Fax: (678) 583-4888

- 19 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PHYLLIS POLLARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 1:14-CV-02796-LMM |
| v. | ) | |
| | ) | |
| METRO DENTAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the within and foregoing

**DEFENDANT'S RULE 50(b) MOTION FOR JUDGMENT AS A MATTER
OF LAW AND, IN THE ALTERNATIVE, RULE 59 MOTION TO ALTER
OR AMEND THE JUDGMENT OR FOR A NEW TRIAL AND
MEMORANDUM IN SUPPORT THEREOF** with the Clerk of Court using the

CM/ECF system which will automatically send email notification of such filing to:

>    Kimberly N. Martin
>    Thomas F. Martin
>    MARTIN & MARTIN, LLP
>    P.O. Box 1070
>    Tucker, GA 30085-1070
>    *Attorneys for the Plaintiff*

>    Aubrey Thompson Villines, Jr.
>    Office of Aubrey T. Villines, Jr.
>    2900 Chamblee Tucker Road
>    Park Ridge 85, Building One

- 20 -

Atlanta, GA 30341
*Attorney for the Defendant*

Jeffrey Filipovits
Filipovits Law Firm, P.C.
Building 1
2900 Chamblee-Tucker Road
Atlanta, GA 30341
*Attorney for the Defendant*

This 25th day of May, 2016.

SMITH, WELCH, WEBB & WHITE

By:   /s/ Grant E. McBride
       Grant E. McBride
       Ga. Bar No. 109812
       grant.mcbride@gmail.com
       A. J. "Buddy" Welch, Jr.
       Georgia Bar No. 746800
       bwelch@smithwelchlaw.com
       Attorneys for Defendant

2200 Keys Ferry Court
P.O. Box 10
McDonough, Georgia 30253
Office: (770) 957-3937
Fax: (678) 583-4888